IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

In re:   )   CASE NO: 05-52607
         )   Chapter 13
Gary Russell Peters
         )
Marguerite Beth Peters
         )
   Debtor(s).   )   Judge Marilyn Shea-Stonum
         )
             DEBTORS' RESPONSE
             TO MOTION OF CHAPTER
             13 TRUSTEE TO DISMISS
             CASE.

    Now come the above-captioned debtors, by and through the undersigned counsel, who respond as follows to a motion of the chapter 13 trustee to dismiss the debtors' chapter 13 case:

    1. The chapter 13 trustee's assertion that the debtors' plan should be dismissed because of the debtors' failure to remit plan payments plainly is frivolous as it appears from the face of the trustee's motion that the debtors are only $17.40 delinquent in their chapter 13 plan payments.

    2. The chapter 13 trustee disingenuously mis-states the law where he alleges that " . . . Pursuant to 11 U.S.C. Sec. 1325(b)(1)(B) as it existed prior to BAPCPA, chapter 13 plans must complete within 60 months." What the pre-BAPCPA statute quoted by the chapter 13 trustee actually said is that a chapter 13 plan must provide that all of the debtor's projected disposable income received in the three-year period beginning on the date the first payment is due under the plan will be applied to make payments under the plan. In this case, the debtors have devoted all their projected disposable income to their plan for longer than these three (3) years.

    3. The debtors further assert that the chapter 13 trustee otherwise has failed to state any valid reason as to why the debtors' present chapter 13 case must be dismissed. Section 1322(d)(2) of the Bankruptcy Code merely states that the Court may not confirm a plan that proposes to last for more than five (5) years; its does not require that the debtors actually complete their payments to the chapter 13 trustee during that time. The debtors state that apparently the Summit County Fiscal Officer filed a claim for more than that scheduled by the debtors which will require the debtors' payments to the chapter 13 trustee to extend beyond five (5) years to pay this claim.

WHEREFORE, the debtors pray for the entry of an order overruling and denying the chapter 13 trustee's motion and granting to the debtors such other and further relief as may be equitable and just.

Respectfully Submitted,

/s/ Robert M. Whittington, Jr.
_____
Robert M. Whittington, Jr. 0007851
Elk, Elk & Whittington
159 S. Main St.
Akron, OH 44308
Voice (330) 384 8484
Fax (330) 384 8953
E-mail elkwhitt@neo.rr.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing response was sent by electronic ECF notification on this 11th day of February, 2010 to Keith Rucinski, chapter 13 trustee and to the U.S. Trustee.

/s/ Robert M. Whittington, Jr.